this Court. Section 301(c)(1) specifically includes aggravation injuries within the scope of those injuries deemed compensable under the Act. Moreover, the Section captures work injuries regardless of [the employee's] previous physical condition. As this Court noted in *Pawlosky,* under the terms of the Act, [i]t may now be said, generally, that an employer takes an employee as he comes. 525 A.2d at 1209.

For the foregoing reasons, we hold that, in the instance of an aggravation/cumulative trauma injury, the 120–day notice period set forth in Section 311 of the Act begins to run on the last day such an aggravation injury is suffered. Because the notice provided by appellee here was timely, the order of the Commonwealth Court, upholding the decisions of the WCJ and the Board, is affirmed.

Former Justice LAMB did not participate in the decision of this case.

Donald R. Totaro, Esq., Janna Rae Steinruck, for the Commonwealth of PA.

James Arthur Gratton, Esq., James Jude Karl, Esq., Ronks, for Charles T. Dubbs.

### *ORDER*

PER CURIAM.

**AND NOW,** this 21st day of June, 2004, the order of the Lancaster County Court of Common Pleas is reversed insofar as it declared the Registration of Sexual Offenders Act unconstitutional, and the case is remanded for further proceedings. *See Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003); *Commonwealth v. Maldonado,* 576 Pa. 101, 838 A.2d 710 (2003).

Justice EAKIN did not participate in the consideration or decision of this case.

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles T. DUBBS, Appellee.**

Supreme Court of Pennsylvania.

Submitted Nov. 10, 2003.

Decided June 21, 2004.

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Ray E. GROFF, Appellee.**

Supreme Court of Pennsylvania.

Submitted Nov. 10, 2003.

Decided June 21, 2004.

Donald R. Totaro, Esq., Janna Rae Steinruck, for Commonwealth of Pennsylvania.

Herbert Moss Crystle, Esq., Lancaster, for Ray E. Groff.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR and BAER, JJ.

### ORDER

PER CURIAM.

**AND NOW,** this 21st day of June, 2004, the order of the Lancaster County Court of Common Pleas is reversed insofar as it declared the Registration of Sexual Offenders Act unconstitutional, and the case is remanded for further proceedings. *See Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003); *Commonwealth v. Maldonado,* 576 Pa. 101, 838 A.2d 710 (2003).

Justice EAKIN did not participate in the consideration or decision of this case.

■

**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Jerry MOWERY, Jr., Appellee.**

Supreme Court of Pennsylvania.

Submitted Nov. 10, 2003.

Decided June 21, 2004.

Donald R. Totaro, Esq., Janna Rae Steinruck, for Commonwealth of PA.

James Arthur Gratton, Esq., James Jude Karl, Esq., Ronks, for Jerry Mowery, Jr.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR and BAER, JJ.

### ORDER

PER CURIAM.

**AND NOW,** this 21st day of June, 2004, the order of the Lancaster County Court of Common Pleas is reversed insofar as it declared the Registration of Sexual Offenders Act unconstitutional, and the case is remanded for further proceedings. *See Commonwealth v. Williams,* 574 Pa. 487, 832 A.2d 962 (2003); *Commonwealth v. Maldonado,* 576 Pa. 101, 838 A.2d 710 (2003).

Justice EAKIN did not participate in the consideration or decision of this case.

■

**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**William PLAISTED, Jr., Appellee.**

Supreme Court of Pennsylvania.

Submitted Nov. 10, 2003.

Decided June 21, 2004.